IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP W. DIBBLE and PATTY JO DIBBLE,

        Plaintiffs,

v.                                                                     CIV 15-1167 JB/KBM

WELLS FARGO BANK, NATIONAL
ASSOCIATION,

        Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Pursuant to 28 U.S.C. § 636(b), this matter has been referred to me for a recommended disposition. *Doc. 4.* Having carefully reviewed the material portions of the record, the Court recommends that Plaintiffs' request for a temporary restraining order be denied without a hearing.

On December 28, 2015, *pro se* Plaintiffs Phillip and Patty Jo Dibble ("Plaintiffs" or "the Dibbles") filed a Complaint for Declaratory Judgment and for Restitution, urging this Court to issue a declaratory judgment that their mortgage loan, subject to a state court foreclosure action, was rescinded under 15 U.S.C. § 1635 and that both the mortgage and the obligation evidenced by the subject Note are now "terminated, released, void and invalid." *Doc. 1* at 4.  Plaintiffs also seek an emergency stay of the state court foreclosure action in the Thirteenth Judicial District Court for Valencia County, New Mexico, asserting that Defendant has "improperly continued to pursue a foreclosure

action against Plaintiffs in case no. D-1314-CV-2011-1059." *Id.* at 4-5. Plaintiffs explain that the state court "has purposed to immediately issue a writ of assistance to allow the Valencia County Sheriff Department to improperly and illegally remove Plaintiff's [sic] from their home." *Id.* at 5. Plaintiffs seek "immediate Court ordered return of [the] Note, unaltered," or, alternatively, "the monetary value of the Note to be determined by its face as well as by all monies made or acquired in regards to that Note . . . additionally twice those amounts." *Id.* at 6-7.

On the same day they filed their Complaint in this Court, Plaintiffs also filed an Information Sheet for T.R.O., *see Doc. 3*, which this Court construes as a request for a temporary restraining order. Therein, Plaintiffs indicate that they seek TILA Rescission and an "emergency stay of all actions." *Id.* Plaintiffs request a hearing be set within one week -- that is, by January 4, 2016. *Id.* A summons was issued as to Defendant the following day, on December 29, 2015, and Proof of Service was filed with the Court on December 30, 2015. *Doc. 5*.

The Court will take judicial notice of the Thirteenth Judicial District Court's records in the underlying foreclosure action, case number D-1314-CV-2011-1059, which is referenced by Plaintiffs in their Complaint. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). The docket sheet for the state court foreclosure action shows that Defendant here, Wells Fargo Bank, N.A., filed a Complaint for Foreclosure against the Dibbles on August 17, 2011. *See Wells Fargo Bank, N.A. v. Patty J. Dibble*, Thirteenth

Judicial District, State of New Mexico, D-1314-CV-201101059. The state court entered a Default Judgment against the Dibbles on February 3, 2012, and a Notice of Sale on March 8, 2012. *See id.* Thereafter, the Dibbles filed various post-judgment motions, including a Motion for Rule 60 Relief from Judgment, a Motion to Dismiss, and a Motion to Vacate for Lack of Standing, each of which were denied. *See id.* Plaintiffs also appealed, unsuccessfully, to the New Mexico Court of Appeals. *See id.* After the Court of Appeals issued a summary affirmance of the state district court's decisions, Wells Fargo sought, and apparently obtained, a Writ of Assistance. *See id.* The Dibbles filed an Emergency Motion to Vacate Writ of Assistance, Sale and Declare Judgment Void on November 4, 2015, which was denied by the state court on December 23, 2015. *See id.* Five days later, Plaintiffs filed the present action in this Court, seeking a temporary restraining order. *See id.*

"A temporary restraining order . . . is an 'extraordinary remedy,' and, therefore, the right to relief must be 'clear and unequivocal.'" *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006). To prevail on a request for a temporary restraining order, Plaintiffs must establish that four equitable factors weigh in their favor:

> (1) irreparable injury in the absence of the injunction, (2) the threatened injury to the moving party outweighs the harm to the opposing party resulting from the injunction, (3) the injunction is not adverse to the public interest, and (4) the moving party has a substantial likelihood of success on the merits.

*Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). Moreover, when the request for injunctive relief would alter the status quo, such as the request for temporary restraining order here, the movant bears a heightened burden and "must make a strong showing both with regard to the likelihood of success on the merits and with regard to

the balance of harms." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 979 (10th Cir. 2004).

The Court first considers whether Plaintiffs have demonstrated a sufficient likelihood of success on the merits. First off, the Court notes that although Plaintiffs have actively litigated the foreclosure action against them in state court, they have not obtained any relief from the judgments against them at the trial or appellate level. Their lack of success in the state trial and appellate court does not bode well for their success on the merits in federal court.

Second, Plaintiffs' request for a declaratory judgment as to the rescission of the subject loan, which is premised upon the right to rescind transactions through notification to the creditor under the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 *et seq.*, is unlikely to be granted. Section 1635(f) of TILA provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction." § 1635(f). Yet Plaintiffs assert in their Complaint that the subject loan is associated with a mortgage dated July 6, 2007. This means that, even according to their own allegations, Plaintiffs gave notice of rescission eight years after the consummation of the subject loan, on September 22, 2015. *Doc. 1* at ¶ ¶ 5, 6. In other words, from the face of the Complaint, it appears that Plaintiffs' attempted rescission of the subject loan was untimely under § 1635(f).

Likewise, both Plaintiffs' request for an emergency stay of the state court foreclosure action and their request for declaratory judgment are unlikely to be granted, as these requests implicate two doctrines of federal court abstention -- *Younger* and *Rooker-Feldman. See Beeler Properties, LLC v. Lowe Enterprises Residential*

*Investors, LLC*, No. 07-cv-00149 MSK/MJW, 2007 WL 1346591 (D. Colo. May 7, 2007) (reasoning that either the *Younger* and *Rooker Feldma*n doctrines may be applicable, depending on the stage of the proceedings, when a party seeks interference with a state court's foreclosure process). Both abstention doctrines permit a federal court to defer to the state adjudicative process in foreclosure actions. *See id.*

The *Younger* abstention doctrine applies when there is an ongoing state court proceeding. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). It provides that "[f]ederal courts should not 'interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings' when the state forum provides an adequate avenue for relief." *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001). The *Younger* doctrine *requires* abstention when three elements are met: (1) interference with an ongoing state judicial proceeding; (2) involvement of important state interests; and (3) an adequate opportunity afforded in the state court proceedings to raise the federal claims. *Southwest Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1168 (10th Cir. 2001).

Here, Plaintiffs have not demonstrated any inability to raise their present claims in the state court foreclosure action. To the contrary, the state court docket suggests that the Dibbles were actively involved in the foreclosure litigation, filing a number of dispositive motions and seeking to vacate the judgment, the foreclosure sale, and the Writ of Assistance. Moreover, there can be no question that the foreclosure process involves important state interests. *See Beeler Properties, LLC*, 2007 WL 1346591, at *3.

Similarly, the *Rooker-Feldman* "bars . . . lower federal courts from engaging in appellate review of state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012). To the extent that Plaintiffs seek either review of the default judgment entered by the state court or an order enjoining state officials from enforcing the state-court-issued Writ of Assistance, this Court may not take such action. *See Heizer v. Dent*, 14cv0516 MCA/GBW (D.N.M. July 31, 2014) (reasoning that the *Rooker-Feldman* doctrine precluded the Court from reviewing the state court's Writ of Assistance or Special Master's Deed or from enjoining state officials from enforcing the Writ of Assistance).

In sum, given § 1635(f)'s three-year limitation period for rescission and the *Younger* and *Rooker-Feldman* abstention doctrines, Plaintiffs cannot demonstrate sufficient likelihood of success on the merits. Nor can Plaintiffs show that irreparable harm or injury will occur if the Court denies their request for a temporary restraining order.

The purpose of injunctive relief is "not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result" without the issuance of a an injunction. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). But much of the harm alleged by Plaintiffs in their Complaint relates to judgments and orders already entered by the state court in the foreclosure action, not to future, irreparable injury that may occur. Further, "[i]t is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm," as "such losses are compensable by monetary damages." *Schrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005). Even Plaintiffs implicitly acknowledge that their anticipated future

injury, through the execution of a Writ of Assistance and their removal from their now-foreclosed property, may be redressed with money. In their Complaint, they seek the return of an "unaltered Note" or, alternatively, "if the Note cannot be, or is not returned unaltered," they seek "the monetary value of that Note to be determined by its face as well as by all monies made or acquired in regards to that Note . . . additionally twice those amounts." *Doc. 1* at 6-7.

Under these circumstances, the Court concludes that the balance of equities weighs against issuing a temporary restraining order.

**IT IS HEREBY RECOMMENDED** that Plaintiffs request for a temporary restraining order *(Doc. 3)* be denied.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**