IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Civil Action No.: 1:15-cv-01167-JB-KBM

PHILLIP W. DIBBLE AND PATTY JO DIBBLE;

    Plaintiffs,
vs.

WELLS FARGO BANK, NATIONAL ASSOCIATION

    Defendant.
_____

**WELLS FARGO BANK, N.A.'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS**
_____

Defendant, Wells Fargo Bank. N.A. ("Wells Fargo"), hereby submits its Response to Plaintiffs' Motion to Strike Defendant's Motion to Dismiss. Wells Fargo's Motion to Dismiss demonstrated that Plaintiffs' Complaint fails to state any set of facts that would entitle them to relief. Nothing in Plaintiff's Motion to Strike provides this Court with any basis to strike Wells Fargo's Motion to Dismiss. Therefore, Plaintiff's Motion to Strike Defendant's Motion to Dismiss should be denied.

## ARGUMENT

### A.    Plaintiff's Motion to Strike is Improperly Filed

Rule 12(f) of the Federal Rules of Civil Procedure permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "However, motions to strike are generally disfavored." *Avants v. Prospect Mortg.*, LLC, 987 F.Supp.2d 1218, 1220 (D.N.M. 2013). The decision to strike a

pleading rests within the sound discretion of the district court. *Id*. Plaintiffs' have attempted to strike Wells Fargo's Motion to Dismiss. However, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, memoranda, objections, or affidavits may not be attacked by the motion to strike." *Northern New Mexicans Protecting Land Water and Rights v. United States*, No. CIV-15-0559-JB/LF, 2015 WL 8329509 at *6 (D.N.M. December 4, 2015). "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.' *Id*; *see also* Fed.R.Civ.P. 7(a)). A motion to dismiss is not included in the definition of a pleading. Fed. R. Civ. P. 7(a). Therefore, it is not the proper subject of a motion to strike. *Northern New Mexicans Protecting Land Water and Rights*, 2015 WL 8329509 at *6. For this reason alone, Plaintiffs' Motion to Strike Wells Fargo's Motion to Dismiss should be denied.

      **B.**    **Wells Fargo's Motion to Dismiss is Properly Filed.**

Plaintiffs' argument that Wells Fargo's Motion to Dismiss is not proper is wrong. *See* Doc. No. 13, p. 3. Plaintiffs also raised this argument in their Response to Wells Fargo's Motion to Dismiss. Doc. No. 12, p. 2. For all of the reasons explained in Wells Fargo's Reply in Support of its Motion to Dismiss, Plaintiff's argument is not supported. Wells Fargo hereby incorporates the arguments set forth in its Reply in support of its Motion to Dismiss as if set forth in full herein. In sum, Wells Fargo has not, nor could not, raise a claim of *res judicata* against the Plaintiffs as the doctrine of *res judicata* is a legal defense that prohibits litigants, such as Plaintiffs, from re-asserting claims that have previously been adjudicated. *DeFlon v. Sawyers*,

2

137 P.3d 577, 582 (N.M. 2006) (stating the doctrine of *res judicata* "prevents a party or its privies from repeatedly suing another for the same case of action").  As explained by Wells Fargo in the briefing on its motion to dismiss, this is exactly what Plaintiffs' Complaint has attempted to do in this case.   As further explained in Wells Fargo's Motion to Dismiss, each of the elements of *res judicata* are met in this case and operate to bar the claims raised in the Complaint.

Furthermore, Plaintiffs' assertion that their claim for TILA Rescission is properly asserted also fails.  Wells Fargo explained in its Motion to Dismiss that Plaintiffs' claim for TILA Rescission failed because (1) it was time-barred; (2) Plaintiffs never had the right to rescind in the first instance; and (3) Plaintiffs failed to plead tender of the loan proceeds, an element of TILA Rescission.  Wells Fargo hereby incorporates the arguments in its Motion to Dismiss as if set forth in full herein.  Plaintiffs' have failed to address any of these arguments, and instead, merely admit that they are seeking the Court to grant them remedies under the TILA statute.  *See generally*, Doc. No. 13.  However, the Loan has already been foreclosed by the State Court Judgment.  *See* Doc. No. 6.

Moreover, Plaintiffs' argument that Wells Fargo has admitted to TILA Rescission is without basis.  Doc. No. 13, p. 3.  Nowhere in any of the filed pleadings has Wells Fargo admitted that the claim for TILA Rescission was proper or that Plaintiffs could recover on their claim, nor do they now.  Rather, Wells Fargo, as explained above, provided three specific arguments, in the briefing on its Motion to Dismiss, as to why the claim for TILA Rescission failed:  (1) it was time-barred; (2) Plaintiffs never had the right to rescind in the first instance; and (3) Plaintiffs failed to plead tender of the loan proceeds, an element of TILA Rescission.  As

a result, this argument is baseless.  Because Wells Fargo's Motion to Dismiss is properly filed in accordance with Rule 12(b)(6), Plaintiff's Motion to Strike should be denied.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and for the reasons in the briefing of its Motion to Dismiss, Wells Fargo respectfully requests that the Court enter an Order denying Plaintiffs' Motion to Strike Defendant's Motion to Dismiss and for such other and further relief as the Court may deem appropriate.

Dated: February 29, 2016

                        SNELL & WILMER L.L.P.

                    By: *s/Allison Biles*
                        Allison L. Biles
                        1200 17th Street, Suite 1900
                        Denver, Colorado 80202
                        Telephone:  (303) 634-2000
                        Facsimile:   (303) 634-2020
                        abiles@swlaw.com

                        ***Attorneys for Defendant Wells Fargo Bank, N.A.***

## CERTIFICATE OF SERVICE

I certify that on February 29, 2016, a true and accurate copy of the foregoing **WELLS FARGO BANK, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy of the pleading was sent via U.S. Mail to the following:

Phillip W. Dibble
Patty Jo Dibble
P.O. Box 235
Los Lunas, NM  87031
Telephone:  (505) 480-4145

*Plaintiffs Pro Se*

                              *s/Allison L. Biles*
                              Snell & Wilmer L.L.P.