IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Civil Action No.: 1:15-cv-01167-JB-KBM

PHILLIP W. DIBBLE AND PATTY JO DIBBLE;

    Plaintiffs,

vs.

WELLS FARGO BANK, NATIONAL ASSOCIATION

    Defendant.

_____

**WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT AND FOR RESTITUTION**
_____

In considering a motion to dismiss, this Court must test the legal sufficiency of Plaintiffs' Complaint to determine whether they have asserted a claim or claims upon which relief can be granted. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). For each claim alleged, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The burden is upon Plaintiffs to frame their "complaint with enough factual matter (taken as true) to suggest" that they are entitled to relief. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs have failed to meet this burden.

The legal arguments set forth in the Motion to Dismiss filed by Wells Fargo Bank, N.A. ("Wells Fargo") demonstrated that Plaintiffs' Complaint fails to state any set of facts that would entitle them to relief. In their Response, Plaintiffs' fail to overcome these arguments and in fact further demonstrate that the Complaint should be dismissed in accordance with Rule 12(b)(6).

23566063.1

Because Plaintiffs' Complaint fails to state a claim upon which relief can be granted, it should therefore be dismissed with prejudice.

## ARGUMENT

### A. Wells Fargo's Motion to Dismiss is Properly Filed.

Plaintiffs' argument that Wells Fargo's Motion to Dismiss is not proper is wrong. *See* Doc. No. 12, p. 2. Plaintiffs base their assertion that the Motion to Dismiss is not proper upon the allegation that somehow Wells Fargo has raised a new cause of action against Plaintiffs in its Motion. *Id*. This argument has no basis. Plaintiffs later explain in their Response that this alleged "new claim" is the doctrine of *res judicata. Id*. at pp. 4-5. The doctrine of *res judicata* is not a cause of action, but rather a legal defense that prohibits litigants, such as Plaintiffs, from re-asserting claims that have previously been adjudicated. *DeFlon v. Sawyers*, 137 P.3d 577, 582 (N.M. 2006) (stating the doctrine of *res judicata* "prevents a party or its privies from repeatedly suing another for the same case of action"). Thus, it is a defense, not a cause of action.

Furthermore, the doctrine of *res judicata* is one of the reasons why the claims asserted in Plaintiffs' Complaint fails to state a claim upon which relief can be granted, the legal test for a motion to dismiss pursuant to F.R.C.P. 12(b)(6). As explained in Wells Fargo's Motion to Dismiss, each of the elements of *res judicata* are met in this case and operate to bar the claims raised in the Complaint. Wells Fargo hereby incorporates the arguments set forth in its Motion to Dismiss as if set forth in their entirety herein. Thus, Wells Fargo's Motion to Dismiss is properly filed in accordance with Rule 12(b)(6) and the Complaint should accordingly be dismissed with prejudice.

### B. Plaintiffs' Attempt to Raise a Claim for TILA Rescission Fails.

Plaintiffs' next argument that their claim for TILA Rescission is properly asserted also fails. Wells Fargo explained in its Motion to Dismiss that Plaintiffs' claim for TILA Rescission failed because (1) it was time-barred; (2) Plaintiffs never had the right to rescind in the first instance; and (3) Plaintiffs failed to plead tender of the loan proceeds, an element of TILA Rescission. Wells Fargo hereby incorporates the arguments in its Motion to Dismiss as if set forth in full herein. Plaintiffs' Response fails to address any of these arguments. *See generally*, Doc. No. 12. Instead, Plaintiffs' Response merely admits that they are attempting to rescind their Loan. *Id*. Yet, the Loan has already been foreclosed by the State Court Judgment. *See* Doc. No. 6.

Further, Plaintiffs' argument that Wells Fargo has admitted to TILA Rescission is without basis. Doc. No. 12, p. 3. Nowhere in the Motion to Dismiss did Wells Fargo admit that the claim for TILA Rescission was proper or that Plaintiffs could recover on their claim. Rather, Wells Fargo, as explained above, provided three specific arguments as to why the claim for TILA Rescission failed: (1) it was time-barred; (2) Plaintiffs never had the right to rescind in the first instance; and (3) Plaintiffs failed to plead tender of the loan proceeds, an element of TILA Rescission. As a result, this argument is baseless. Because the TILA Rescission claim fails to state a claim upon which relief can be granted, it should accordingly be dismissed in accordance with Rule 12(b)(6).

### C. Plaintiffs' Complaint Arises from the State Court Foreclosure Action.

Plaintiffs' argument in their Response that the claims in their Complaint do not arise from the State Court Foreclosure Action is incorrect and demonstrates Plaintiffs' failure to understand

the claims raised by their Complaint. *See generally*, Doc. No. 12. Specifically, Plaintiffs' argue that the Complaint "does not seek more than a temporary stay of the writ within the 'Foreclosure Action.'" Doc. No. 12, p. 4. This statement demonstrates in and of itself that Plaintiffs are in fact seeking this Court to take action against the judgment resulting from the State Court Foreclosure Action.

Further, Count II of the Complaint specifically seeks a stay of the State Court Foreclosure Action. Doc. No. 1, pp. 4-5. The doctrines of *res judicata* and *Rooker-Feldman* prohibit Plaintiffs from raising the claims in their Complaint, and so necessarily cannot support a stay (which would amount to an injunction). In this proceeding, Plaintiffs argue that Wells Fargo improperly pursued the foreclosure action because they had exercised their right of rescission under the TILA. The State Court has already entered judgment and has decided that Wells Fargo was entitled to foreclose. *See* Doc. No. 6.

Further, this Court has already taken judicial notice of Plaintiffs' Foreclosure Action in its December 31, 2015 Proposed Findings and Recommended Disposition with respect to Plaintiffs' request for an emergency stay of the Foreclosure Action, and further recognized that Plaintiffs' claims implicate the *Rooker-Feldman* doctrine . *Id*. at, pp. 2, 4-5. The Recommendation is correct. Plaintiffs' claims do implicate the State Court Foreclosure Judgment and cannot proceed. Accordingly, the Complaint should be dismissed in accordance with Rule 12(b)(6).

**D.      The *Rooker-Feldman* Doctrine Does Apply and Bars Plaintiffs' Complaint.**

As explained above, and in Wells Fargo's Motion to Dismiss, Plaintiffs' Complaint is nothing but a veiled attack on the State Court Foreclosure Judgment. Wells Fargo incorporates

the arguments set forth in its Motion to Dismiss as if set forth in full herein. All issues concerning Plaintiffs' default, and the right of Wells Fargo to enforce the terms of the Loan, have already been decided by the Thirteenth Judicial District, State of New Mexico, in case no. D-1314-CV-201101059. *See* Doc. No. 6.

Plaintiffs, though continuing to challenge the State Court Foreclosure Action, are barred from raising any challenges to the Final Judgment of the State Court in this Court in accordance with the *Rooker-Feldman* doctrine. This is because Plaintiffs' Complaint comprises an action which effectively asks this Court to act as a court of appeals for the Thirteenth Judicial District Court, as well as the New Mexico Court of Appeals. "The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction that only the United States Supreme Court has appellate authority to review a state court decision." *Nudell*, 363 F.2d at 1074-75; *see also* 28 U.S.C. §1257(a).

Plaintiffs argue that they are not asking this Court to attack the State Court Judgment, Doc. No. 12, p. 5, however as explained above, that is exactly what the Complaint is attempting to do. Plaintiffs' argue that to apply the *Rooker-Feldman* doctrine, Wells Fargo must make a new claim, but this argument misses the mark. "[I]n applying the *Rooker-Feldman* doctrine, [the] focus [is] on whether the lower federal court, if it adjudicated plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition." *Id*. at 1075. Because in this case, the answer is yes, Plaintiffs' claims are barred and must be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and for the reasons in Wells Fargo's Motion to Dismiss, Wells Fargo respectfully requests that the Court enter an Order dismissing Plaintiffs'

23566063.1

Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: February 29, 2016

                        SNELL & WILMER L.L.P.

                      By: *s/Allison Biles*
                          Allison L. Biles
                          1200 17th Street, Suite 1900
                          Denver, Colorado 80202
                          Telephone: (303) 634-2000
                          Facsimile:  (303) 634-2020
                          abiles@swlaw.com

                          ***Attorneys for Defendant Wells Fargo Bank, N.A.***

## CERTIFICATE OF SERVICE

I certify that on February 29, 2016, a true and accurate copy of the foregoing **WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT AND FOR RESTITUTION** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy of the pleading was send via U.S. Mail to the following:

Phillip W. Dibble
Patty Jo Dibble
P.O. Box 235
Los Lunas, NM 87031
Telephone: (505) 480-4145

*Plaintiffs Pro Se*

                                            *s/Allison L. Biles*
                                            Snell & Wilmer L.L.P.