IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP W. DIBBLE and PATTY JO DIBBLE,

        Plaintiffs,

v.                                                                           CIV 15-1167 JB/KBM

WELLS FARGO BANK, NATIONAL
ASSOCIATION,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court on Defendant's Motion to Dismiss (*Doc. 11*), filed February 1, 2016, and Plaintiffs' Motion to Strike Defendant's Motion to Dismiss (*Doc. 13*), filed February 11, 2016. Pursuant to 28 U.S.C. § 636(b), this matter has been referred to me for a recommended disposition. *Doc. 4*. Given that the pro se Plaintiffs' Motion to Strike seeks denial of Defendant's Motion to Dismiss, the Court construes it as a response to Defendant's Motion to Dismiss. *Doc. 13*. Having carefully reviewed the material portions of the record, the Court recommends that Defendant's Motion to Dismiss be granted and that Plaintiffs' Motion to Strike be denied.

I.   **Background and Procedural Posture**

On December 28, 2015, *pro se* Plaintiffs filed a Complaint for Declaratory Judgment and for Restitution claiming a "right of rescission afforded to them pursuant to 15 U.S.C. § 1635," under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. *Doc. 1* ¶ 6. In the Complaint, "Plaintiffs pray for a declaratory judgment that the

1

Mortgage, dated July 6, 2007 and recorded as document no. 200713284 Book 361 at Page 13284 in the office of the Clerk of Valencia County, New Mexico is terminated, released, void and invalid and likewise the obligation evidenced by the Note is terminated, released, void and invalid." *Id.* ¶ 21.  Plaintiffs seek an emergency stay of all actions made or to be made by the state court.  *Id.* ¶ 27. Additionally, they seek monetary damages under 15 U.S.C. § 1640.  *Id.* ¶ 29.  More particularly, they request "an immediate Court ordered return of [the loan payments] in full and under 15 U.S.C. § 1640 additionally twice those amounts."  *Id.* ¶ 30 (alteration added).

In 2011, Defendant Wells Fargo filed a Complaint for Foreclosure in state court against Plaintiffs in this action, the Dibbles.[1]  The Court will take judicial notice of the Thirteenth Judicial District Court's records in the underlying foreclosure action, *Wells Fargo Bank, N.A. v. Dibble*, case number D-1314-CV-201101059, which is referenced by Plaintiffs in their Complaint.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").  In this case, Plaintiffs ask the Court to grant "an emergency stay of all actions made or to be made by the Thirteenth Judicial Court . . . in case no. D-1314-CV-2011-1059."  *Doc. 1* ¶ 27.

The state court entered a Default Judgment against the Dibbles in the underlying foreclosure action on February 3, 2012, and a Notice of Sale on March 8, 2012.  *See Wells Fargo Bank, N.A. v. Patty J. Dibble, Thirteenth Judicial District, State of New*

---

[1] *See Wells Fargo Bank, N.A. v. Patty J. Dibble, Thirteenth Judicial District, State of New Mexico,* D-1314-CV-201101059.  The docket sheet for the state court foreclosure action shows that the action was filed by Wells Fargo Bank, N.A. on August 17, 2011.

*Mexico,* D-1314-CV-201101059. Thereafter, the Dibbles filed multiple post-judgment motions, including a Motion for Rule 60 Relief from Judgment, a Motion to Dismiss, and a Motion to Vacate for Lack of Standing, each of which was denied. *Id.* Plaintiffs also appealed, unsuccessfully, to the New Mexico Court of Appeals. *Id.* The New Mexico Court of Appeals issued a summary affirmance of the lower court's decision. *Id.* On January 5, 2016, the state court issued a writ of assistance to the Valencia County Sheriff's Department to remove Plaintiffs from their home despite the Dibbles' filing of an Emergency Motion to Vacate Writ of Assistance, Sale and Declare Judgment Void. *Id.; see also Doc. 1* ¶ 26.

At the time they filed their Complaint in this Court, Plaintiffs also requested a temporary restraining order. *Doc. 3.* This Court issued a Proposed Findings and Recommended Disposition ("PF&RD") on December 31, 2015, recommending that this request be denied without a hearing. *Doc. 6.* Plaintiffs' objections to that PF&RD (*Doc. 7*) are now pending before the presiding judge.

## II. Legal Standards

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense of the court's "lack of jurisdiction over the subject matter" by motion. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision,* 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). "If the court determines at any time, that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts as true "all well-pleaded factual allegations in a complaint and views these allegations in the light most favorable to the plaintiff." *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009); *Morris v. City of Colorado Springs,* 666 F.3d 654, 660 (10th Cir. 2012). Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to survive a motion to dismiss brought under Rule 12(b)(6)*,* "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly,* 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Jordan–Arapahoe v. Bd. of Cty. Comm'rs,* 633 F.3d 1022, 1025 (2011) (alteration in original) (quoting *Iqbal,* 556 U.S. at 663) (internal quotation marks omitted).

In addition, this Court takes note of Plaintiffs' *pro se* status. "[A] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citations omitted). In *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Tenth Circuit stated:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

4

> should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

Even so, the court "will not supply additional factual allegations to round out a plaintiff's complaint or to construct a legal theory on a plaintiff's behalf." *Id.*

### III.   Analysis

#### A.   Subject Matter Jurisdiction and The *Rooker-Feldman* Doctrine

Defendant challenges subject matter jurisdiction based upon the *Rooker-Feldman* doctrine.[2]  *Doc. 11* at 6.  While there appear to be multiple reasons why Plaintiffs' claims here lack merit, the existence of subject matter jurisdiction is a threshold inquiry that must precede any merits-based determination.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  If a district court lacks jurisdiction, it has no authority to rule on the merits of a plaintiff's claims.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). Thus, if the *Rooker-Feldman* doctrine applies to Plaintiffs' claims, this Court is without jurisdiction to address the merits of those claims.

The *Rooker-Feldman* doctrine requires that state-court judgments be appealed to the United States Supreme Court and prevents federal district courts from overturning them.  Put another way, "*Rooker-Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012).  "[W]hen Congress vested the Supreme

---

[2] The *Rooker-Feldman* doctrine gets its name from two Supreme Court cases.  In *Rooker v. Fidelity Trust Co.*, the Supreme Court ruled that the state-court judgment in question could only be reversed or modified "in an appropriate and timely appellate proceeding."  263 U.S. 413, 415 (1923).  The Court held that, "[u]nder the legislation of Congress, no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment . . . ." *Id.* at 416 (alteration added).  In *District of Columbia Court of Appeals v. Feldman*, the Supreme Court held that district courts have no authority to review final judgments of state courts in judicial proceedings, but rather, federal "review of such judgments may be had only in [the Supreme Court]."  460 U.S. 462, 482 (1983) (alteration added)*.*

5

Court with appellate jurisdiction over state-court judgments, it implied that the lower federal courts lacked authority to review state-court judicial proceedings." *Id.*

The *Feldman* case not only prohibited direct review of state judgments by lower federal courts, it also "prohibited those federal courts from issuing any declaratory relief that is *inextricably intertwined* with the state court judgment." *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991) (internal quotations and citations omitted) (emphasis added). The Tenth Circuit grappled with the nuances of this doctrine in *Campbell* and made distinctions between cases where jurisdiction is prohibited by the doctrine and those where it is not. The court reasoned that "[w]hen the state-court judgment is not itself at issue, the [*Rooker-Feldman*] doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those presented in the state-court action." *Campbell*, 682 F.3d at 1281. "[T]he essential point is that barred claims are those complaining of injuries caused by state-court judgments," and "an element of the claim must be that the state court wrongfully entered its judgment." *Id.* at 1283.

Applying the principles of the *Rooker-Feldman* doctrine, this Court may not conduct an appellate review of the judgment in the state-court foreclosure action. Yet, that is precisely the relief sought in their federal court Complaint. Plaintiffs assert that the state court wrongfully entered its judgment (*Doc. 1* ¶ 26, 27) and that the judgment is void (*Doc. 7* at 13). These claims fall squarely within the *Rooker-Feldman* doctrine.

In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the Supreme Court held:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court

6

> judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284.  Plaintiffs assert, with respect to the judgment entered in the underlying foreclosure action, that "[b]ecause Wells Fargo did not meet its jurisdictional prerequisite the judgment reached in that action is void."  *Doc. 7* at 10.  Plaintiffs contend that "[i]t is particularly egregious to allow state resources to be used to grant trespassers with no authority possession of Mr. and Mrs. Dibble's home under a void judgment."  *Doc. 7* at 13.  Additionally, Plaintiffs argue that the state-court judgment is already void because their mortgage was rescinded by "operation of law."  *Doc. 7* at 12.  Plaintiffs lost in state court and now complain of injuries caused by the state-court judgment.  They contend that the state-court judgment "constitutes irreparable injury to Plaintiff by trespassers that will surely result without the issuance of an injunction."  *Doc. 7* at 12.  They invite this Court to review and reject the state-court judgment – an action explicitly prohibited by the *Rooker-Feldman* doctrine.

In their objections to the Court's December 31, 2015 Proposed Findings and Recommended Disposition (*Doc. 6*) on the request for a temporary restraining order, Plaintiffs maintain that "[t]his Court's proposed concern, then over *Rooker-Feldman* doctrine violation is without issue, for Federal collateral attacks on state-court judgments are totally available when a state-court judgment is void."  *Doc. 7* at 11 (citing *United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir. 1994)).  Plaintiffs misconstrue *Shepherd*.  Indeed, in *Shepherd*, the Fifth Circuit rejected an argument similar to that of Plaintiffs, holding that "in accordance with the plain dictates of the *Rooker/Feldman* doctrine," the federal district court had no jurisdiction to void a state-court judgment.  *Id.*  A federal district court simply may not perform such a review upon a state-court judgment.

7

*Rooker-Feldman* also applies here because the state-court judgment is inextricably intertwined with the relief sought by Plaintiffs.  A declaratory judgment that a mortgage was terminated prior to foreclosure inevitably involves overturning the foreclosure judgment.  The Complaint states, "Plaintiff now seeks an emergency stay of all actions made or to be made by the Thirteenth Judicial Court for Valencia County in the State of New Mexico in case no. D-1314-CV-2011-1059." *Doc. 1* ¶ 27.  Plaintiffs also "pray for a declaratory judgment that the Mortgage . . . is terminated, released, void and invalid and likewise the obligation evidenced by the Note is terminated, released, void and invalid." *Doc. 1* ¶ 21.  *Feldman* specifically "prohibited . . . federal courts from issuing any declaratory relief that is inextricably intertwined with the state court judgment."  *Facio,* 929 F.2d at 543 (internal quotations and citations omitted).

Plaintiffs urge the Court to find that their mortgage was terminated by the exercise of their statutory right of rescission under TILA prior to the filing of the foreclosure action. At the same time, they insist that they "do not seek declaratory judgment as to rescission but rather Plaintiffs seek declaratory judgment as to the terminations [of the mortgage] created under operation of law by a TILA rescission which has already occurred by notice." *Doc. 7* at 12 (alteration added).  But even if the Court only issued a declaratory judgment as to the termination of Plaintiffs' mortgage, and not as to rescission, such a determination would still disturb the state-court judgment of foreclosure.  Although it is unclear from the Complaint whether or not Plaintiffs raised the TILA right of rescission in the state-court proceedings, appellate-style review of the state-court judgment would be necessary to determine if Plaintiffs' mortgage was terminated through the exercise of TILA rescission.  *Kraft v. JP Morgan*

*Chase Bank, Nat. Ass'n*, Civil No. 10-cv-00815-REB-BNB, 2010 WL 4869099 at *4, (D. Colo. Nov. 23, 2010) (reasoning that even if the plaintiff's TILA rescission claim was not before the state court in the underlying foreclosure action, the *Rooker-Feldman* doctrine barred a claim for rescission in federal court). Simply put, *Rooker-Feldman* prohibits this Court from making such a determination.

In sum, the Court has no authority to reverse, modify or review a judgment issued by the Thirteenth Judicial District of New Mexico in the underlying foreclosure action. Plaintiffs' claims for declaratory judgment and for an emergency stay of the state-court's actions are barred by the *Rooker-Feldman* doctrine, and this Court therefore lacks subject matter jurisdiction over those claims. Without subject matter jurisdiction, Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) require dismissal of these claims for lack of subject matter jurisdiction.

### B. Statutory Remedies under 15 U.S.C. § 1640

In addition to their declaratory judgment claims, Plaintiffs also seek damages under 15 U.S.C. § 1640. *Doc.1* ¶ 29. They explain:

> This action seeks that this court grant the statutory remedies entitled to the Plaintiffs under 15 U.S.C. § 1640, which allows damages to the consumer, when a creditor, in this instance Wells Fargo, does not pursue its available legal remedies or comply with its statutory obligations as a lender noticed of a non-judicial TILA Rescission pursuant to 15 U.S.C. § 1635.

*Doc. 16* at 1-2. Because an award of statutory damages under TILA would not undo the state-court judgment in the foreclosure action, Plaintiffs' damages claim is not barred by the *Rooker-Feldman* doctrine. *Kraft*, Civil No. 10-cv-00815-REB-BNB, 2010 WL 4869099 at *4. Nevertheless, Plaintiffs' statutory damages claim fails on the merits.

9

Under 15 U.S.C. § 1640(a), "any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title," is liable for damages sustained by any person. Yet Plaintiffs' Complaint does not provide enough facts to state a plausible claim for damages under § 1640(a). Even viewing the allegations of the Complaint in the light most favorable to Plaintiffs, Plaintiffs were never entitled to a TILA right of rescission.

First, 15 U.S.C. § 1635(e) exempts residential mortgage transactions when the mortgage is obtained to acquire the property. A residential mortgage transaction is defined as a transaction in which a mortgage is "created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x). Plaintiffs make no such allegation as to the mortgage in question, and the Court may not supply such a factual allegation. Thus, Plaintiffs fail to state a plausible claim under TILA.

Further, a 1635(a) right of rescission expires after three years. Here, the right expired before Plaintiffs allegedly exercised it. The mortgage was dated July 6, 2007. *Doc. 1* ¶ 5. The notice of rescission was sent by Plaintiffs on September 22, 2015, more than eight years after the money was borrowed. *Doc. 1* ¶ 6. Section 1635(f) states, "an obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . ." 15 U.S.C. § 1635(f). "Even if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.' § 1635(f)." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790,

792 (2015) (emphasis in original). Thus, Plaintiffs' notice of rescission was facially time-barred.

In short, Plaintiffs' Complaint ignores both the residential mortgage transaction exception and the three-year expiration of the right of rescission under TILA. "A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Jordan–Arapahoe v. Bd. of Cty. Comm'rs*, 633 F.3d 1022, 1025 (2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 663) (internal quotation marks omitted). Here, Plaintiffs' claim for damages is not facially plausible. As such, their claim for statutory damages should be dismissed with prejudice in accordance with Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (*Doc. 11*) be granted, that Plaintiffs' Motion to Strike Defendant's Motion to Dismiss (*Doc. 13*) be denied as follows: Plaintiffs' claims for declaratory and injunctive relief should be dismissed for lack of subject matter jurisdiction and their claims for TILA damages be dismissed with prejudice for failure to state a claim.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**