## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PHILLIP W. DIBBLE and PATTY JO DIBBLE,

       Plaintiffs,

vs.                                No. CIV 15-1167 JB/KBM

WELLS FARGO BANK, NATIONAL
ASSOCIATION,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## ADOPTING THE CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
## RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Chief Magistrate Judge's Proposed

Findings and Recommended Disposition, filed December 31, 2015 ("PFRD"); and (ii) Plaintiffs'

Memorandum in Opposition to Proposed Findings and Recommended Disposition, filed on

January 12, 2016 ("Objections"), which the Court will construe as Objections filed pursuant to

28 U.S.C. § 636(b)(1)(C).  The Court referred this matter to the Honorable Karen B. Molzen,

Chief Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) on

December 28, 2016.  On December 31, 2015, three days later, Chief Judge Molzen issued her

PFRD, recommending that the Court deny the Plaintiffs' request for a temporary restraining

order.  *See* PFRD at 1.

The PFRD explains that *pro se* Plaintiffs, the Dibbles, filed a Complaint for Declaratory

Judgment and for Restitution on December 28, 2015 ("Complaint").  The Dibbles sought a

temporary restraining order with a hearing to be set by January 4, 2016.  Chief Judge Molzen

took judicial notice of the Thirteenth Judicial District Court's records in the underlying

foreclosure action, case number D-1314-CV-2011-1059, which the undersigned has done. See

St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979)(reasoning that federal courts may take notice of proceedings in other courts when they have a direct relation to the matters before the court).

In their Objections to the PFRD, the Dibbles insist that the Court has misapprehended their Complaint.  They explain that instead of seeking rescission under the Truth in Lending Act, 15 U.S.C.A §1635(e)("TILA"), they "seek declaratory judgment as to the terminations created under operation of law by a TILA rescission which has already occurred by notice."  Objections at 12. As the Court understands the Dibbles' argument, they maintain that their mortgage loan was rescinded upon written notice to Wells Fargo, even without the filing of the present lawsuit. See Objections at 9.  The Dibbles contend that, through the "non-judicial process of TILA rescission," their "debt was terminated, the note which represents the debt was terminated, and the mortgage which secures the debt was terminated under operation of law." See Objections at 9.  As best the Court can surmise, the Dibbles' position is as follows: because they already rescinded their loan pursuant to TILA, Wells Fargo could not foreclose on the subject property under New Mexico law, rendering the state court's judgment against them void.  See Objections at 9-10.

Even with the clarifications the Dibbles provided about their position, the Court is not persuaded that the Dibbles are likely to succeed on the merits.  The Dibbles do not address the apparent untimeliness of their purported rescission.  As Chief Judge Molzen noted in her PFRD, TILA § 1635(f) provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f); see Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411-12 (1998)(holding that § 1635(f) completely extinguishes the right of rescission at the end of the three-year period).  Although Wells Fargo has not yet answered the

Dibbles' Complaint, having sought and received an extension for doing so, it takes the position in its Unopposed Motion for Extension to Respond to Complaint that the Plaintiffs' claims are time barred.  See Unopposed Motion for Extension to Respond to Complaint ¶ 5, at 2, filed on January 19, 2016, (Doc. 9).  The Dibbles contend that they gave notice of rescission eight years after loan's consummation.  See Complaint ¶ 5-6, at 2.  Accordingly, based on the Complaint's allegations, the Plaintiffs' attempted rescission runs afoul of § 1635(f) and fails to effect the "terminations" to which they refer.

Chief Magistrate Judge Molzen also explained that, given the related foreclosure action in state court, the Dibbles' claims in this case implicate two doctrines of federal court abstention: Younger[1] and Rooker-Feldman[2].  See PFRD at 4-5.  Wells Fargo, again in its Unopposed Motion

---

[1] Younger v. Harris, 401 U.S. 37 (1971). For "Younger" abstention to be appropriate, the Tenth Circuit has ruled that three elements must be present: (i) interference with an ongoing state judicial proceeding;  (ii) involvement of important state interests;  and (iii) an adequate opportunity afforded in the state court proceedings to raise the federal claims.  See J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1291 (10th Cir. 1999)(citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); Sw. Air Ambulance, Inc. v. City of Las Cruces, 268 F.3d 1162, 1177–78 (10th Cir. 2001).  Where the criteria for Younger abstention are otherwise met, even if a party requests monetary damages, a federal court in the Tenth Circuit must abstain from adjudicating the entire case while state proceedings are ongoing.  See Braverman v. New Mexico, No. CIV. 11-0829 JB/WDS, 2012 WL 5378290, at *21 (D.N.M. Sept. 26, 2012)(Browning, J.).  Chief Magistrate Judge Molzen found that all three elements required for abstention under the Younger doctrine were present in the Dibbles' action and that abstention was appropriate.  See PFRD at 5.

[2] "The Rooker–Feldman doctrine embodies the simple principle that federal district courts have no jurisdiction to sit as courts of appeal to state courts."  Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d 1143, 1167 (D.N.M. 2012).  The Rooker–Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced."  Lance v. Dennis, 546 U.S. 459, 460 (2006)(quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, (2005)); See Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 788–89 (10th Cir. 2008); Mann v. Boatright, 477 F.3d 1140, 1146 (10th Cir. 2007). The elements of the Rooker-Feldman doctrine: "(i) a state-court loser; (ii) who is asking a federal district court; (iii) to review the correctness of a judgment rendered by a state court; and (iv) which judgment was rendered before the commencement of the federal proceeding."  Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d 1143, 1167–68 (D.N.M. 2012)(Browning, J.).

for Extension to Response to Complaint, takes a similar position, arguing that the Dibbles' claims are either res judicata barred or they are subject to abstention, depending on the status of the state court action.  See PFRD at 5-6.  In response, the Dibbles argue that "[t]his Court's proposed concern, then, over Rooker-Feldman doctrine violation is without issue, for Federal collateral attacks on state-court judgments are totally available when a state-court judgment is void." Opposition at 11.  In the Court's view, however, the Dibbles will not be able to establish that the state court's judgment is void, particularly where the attempted rescission does not comport with TILA § 1635(f).[3]

Nor have the Dibbles established that irreparable harm or injury may result from the Court's denial of their request for a temporary restraining order.  The Dibbles argue that the "exercise of the State Court writ now constitutes irreparable injury to Plaintiff by trespassers that will surely result."  Objections at 12.  The docket sheet for the state court foreclosure action shows that the state court issued a Writ of Assistance on January 5, 2016.  The Court is not persuaded, however, that the harm alleged by the Dibbles should be characterized as irreparable.  Instead, the relief that the Dibbles sought, including the Note's monetary value and twice that

---

The Tenth Circuit has made clear that "the Rooker–Feldman doctrine is confined to cases brought after the state proceedings have ended." Id. quoting Mann v. Boatright, 477 F.3d at 1146 (internal quotation marks omitted); See Guttman v. Khalsa, 446 F.3d 1027, 1031–32 (10th Cir. 2006)(holding that Rooker–Feldman doctrine applies only where state court appeals process has run its full course).

[3] Chief Magistrate Judge Molzen found that to the extent that the Plaintiffs seek either review of the default judgment entered by the state court or an order enjoining state officials from enforcing the state court issued Writ of Assistance, this Court may not take such action.  See PFRD at 6; See Heizer v. Dent, No. CIV 14-0516 MCA/GBW (D.N.M. July 31, 2014)(reasoning that the Rooker-Feldman doctrine precluded the Court from reviewing the state court's Writ of Assistance or Special Master's deed or from enjoining state officials from enforcing the Writ of Assistance).  Given, however, that the state court proceedings are ongoing, the Court disagrees that the Dibbles' claim implicates the Rooker-Feldman doctrine for federal abstention.  The Court does not adopt the Chief Magistrate Judge's proposed finding that the Rooker-Feldman doctrine for federal abstention applies to the Dibbles' claim.

amount, see Complaint ¶34 at 6-7, and/or statutory damages, see Objections at 13, are compensable with monetary damages.

Under these circumstances, the Court will not issue a temporary restraining order that, in effect, would interfere with state court foreclosure proceedings without a sound and compelling basis for bringing a TRO.  The parties will have an opportunity to develop their arguments and address the merits of the Plaintiffs' claims in the ordinary course of litigation.

Having conducted a *de novo* review of the Dibbles' Complaint and request for temporary restraining order, as well as the Dibbles' Objections, the Court adopts Chief Magistrate Judge Molzen's findings and conclusions, and overrules the Dibbles' Objections.

**IT IS ORDERED** that: (i) the Chief Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 31, 2015, is adopted in part and the Chief Magistrate Judge's findings regarding the implication of Rooker-Feldman federal abstention to the Dibbles' claim is not adopted; and (ii) Plaintiff's request for a temporary restraining order is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*

Phillip W. Dibble
Patty Jo Dibble
Las Lunas, New Mexico

      *Pro se*

Allison Louise Biles
Snell & Wilmer LLP

      *Attorneys for Defendant Wells Fargo Bank, National Association*